**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **HUMBERTO JUAN RAMIREZ** | § | |
| | § | |
| **V.** | § | **A-15-CV-513- RP** |
| | § | |
| **DISTRICT COURT 4, TRAVIS COUNTY,** | § | |
| **TEXAS** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner Humberto Juan Ramirez's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1), and Motion to Proceed *In Forma Pauperis* (Dkt. No. 2). The Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The undersigned finds that Petitioner's Petition for Writ of Habeas Corpus should be dismissed without prejudice for the reasons set out below.

**I. IFP STATUS**

After considering Ramirez's financial affidavit, the Court finds that he is indigent. Accordingly, the Court **GRANTS** Ramirez's Motion to Proceed *In Forma Pauperis* (Dkt. No. 2) and grants him *in forma pauperis* status in this case. Because Ramirez has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the action pursuant to 28 U.S.C. §1915(e)(2).

## II. REVIEW UNDER 28 U.S.C. § 1915

Under 28 U.S.C. § 1915(e)(2)(B)(i), a district court may dismiss as frivolous a prisoner's IFP complaint if it lacks any arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319–325, (1989); *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999); *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harper*, 174 F.3d at 718 (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 9 n. 5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

A district court may dismiss a case under 28 U.S.C. § 1915 for failure to exhaust administrative remedies. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993).

## III. GENERAL BACKGROUND

At the time of filing, Ramirez was a pre-trial detainee confined at Travis County Correctional Complex awaiting trial on the state charge of Felony Assault Family Violence Strangulation, a third degree felony under Texas law. *See* Tex. Penal Code § 22.01(b)(2)(B). In his Petition, Ramirez complains that the prosecution has failed to adjudicate his case in a timely manner. In addition, he contends that he has been deprived the effective assistance of counsel. Ramirez requests that he be released from custody immediately and that all charges against him are dismissed.

## IV. ANALYSIS

A state pretrial detainee or prisoner is entitled to raise constitutional claims in a federal habeas proceeding under § 2241. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987), *cert. denied*, 484 U.S. 956 (1987). However, he must first exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas relief, whether he seeks relief pursuant to § 2241 or § 2254. *Dickerson*, 816 F.2d at 225; *Rose v. Lundy*, 455 U.S. 509 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were first fairly presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). In Texas, this requires that the claims be presented to the Texas Court of Criminal Appeals by way of either a petition for discretionary review or postconviction writ of habeas corpus before a pretrial detainee may seek federal habeas corpus relief. *See Deters v.Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 523. The state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner may be excused from the exhaustion requirement only if he can show exceptional circumstances of peculiar urgency. *Deters*, 985 F.2d at 795. A federal district court may take notice *sua sponte* of the lack of exhaustion. *Shute v. Texas*, 117 F.3d 233, 237 (5th Cir. 1997). Federal courts can dismiss without prejudice the entirety of a federal habeas petition that contains any unexhausted grounds for relief. *See Rose*, 455 U.S. at 510; *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 501 U.S. 1235 (1991).

3

Because Ramirez seeks relief pursuant to 28 U.S.C. § 2241, and since habeas corpus is the appropriate remedy, he must comply with the statutory and jurisprudential requirements concerning exhaustion of available state court remedies.  A review of the Texas Court of Criminal Appeals' docket reflects that Ramirez has not filed a petition for review or a writ of habeas corpus with that court.  Thus, Ramirez has not satisfied the exhaustion requirement as to the claims presented in the instant § 2241.  In addition, he has not shown that he should otherwise be excused from the exhaustion requirement due to exceptional circumstances warranting federal intrusion at this juncture.  Accordingly, Ramirez's § 2241 Petition should be dismissed for failure to exhaust all available state court remedies.

## V. RECOMMENDATION

Based upon the foregoing, the undersigned **HEREBY RECOMMENDS** that the District Court **DISMISS WITHOUT PREJUDICE** Humberto Juan Ramirez's Petition for Writ of Habeas Corpus pursuant to § 2241 (Dkt. No. 1) for failure to exhaust all available state court remedies.

## VI. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a District Court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the District Court's assessment of the constitutional claims debatable or wrong."

4

*Id.* "When a District Court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the District Court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Petitioner's habeas petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## VII. OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

**ORDERED** to mail such party a copy of this Report and Recommendation by certified mail, return

receipt requested.

SIGNED this 6th day of July, 2015.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE